UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COASTAL CONSERVATION ASSOCIATION,

Plaintiff,

vs. **Case No. 2:05-cv-400-FtM-29DNF**

CARLOS GUTIERREZ, in his official capacity as Secretary of the United States Department of Commerce, THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, THE NATIONAL MARINE FISHERIES SERVICE,

Defendants.
___________________________________

THE FISHING RIGHTS ALLIANCE, INC.,

Plaintiff,

vs. Case No. 2:05-cv-419-FtM-29DNF

CARLOS GUTIERREZ, in his official capacity as Secretary of the United States Department of Commerce; the NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; and the NATIONAL MARINE FISHERIES SERVICE,

Defendants.
___________________________________

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Coastal Conservation Association's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act (Doc. #51) and plaintiff The Fishing Rights Alliance, Inc.'s Motion to Tax Attorneys' Fees and

Costs (Doc. #54). Also before the Court are Supplemental filings by The Fishing Rights Alliance, Inc. (Doc. #59; Case No. 2:05-cv-419-FTM-29DNF, Doc. #20); plaintiff The Fishing Rights Alliance, Inc.'s Notice of Filing Affidavit as to Reasonable Attorneys' Fees (Doc. #60); and Proposed Bills of Costs by both plaintiffs (Docs. #53, #58). Defendants Carlos Gutierrez, the National Oceanic and Atmospheric Administration, and the National Marine Fisheries Service filed a Combined Memorandum in Opposition to Plaintiffs' Fee Claims (Doc. #61) on December 23, 2005.

**I.**

On September 19, 2005, the Court consolidated the two pending cases, after dismissal of the uncommon counts. On October 31, 2005, the Court entered an Opinion and Order (Doc. #44) granting summary judgment in part in favor plaintiffs and in part in favor to defendants. The Court directed the entry of Judgment for plaintiffs on Count Two and for defendants on Counts One, Three, and Four. Judgment (Doc. #45) was entered on November 8, 2005,

> declaring that defendants acted arbitrarily, capriciously, in an abuse of discretion, and in violation of 16 U.S.C. 1855[(c)](1) in promulgating the Interim Rule to Reduce the Recreational Harvest of Gulf of Mexico Red Grouper to the extent that the Interim Rule and implementing regulation (1) reduced the aggregate grouper bag limit from five fish per person to three fish per person, and (2) closed recreational fishing for all grouper species (other than red grouper) in the Gulf of Mexico for November and December, 2005. The Interim Rule to Reduce the Recreational Harvest of Gulf of Mexico Red Grouper is set aside to that extent. The Interim Rule to Reduce the Recreational Harvest of Gulf of Mexico Red Grouper is valid as to its restrictions on red grouper.

(Doc. #45). Plaintiffs seek attorney fees and costs under the Equal Access to Justice Act (EAJA), arguing that they are prevailing parties and that the government's position was not substantially justified. The government opposes the motion, or in the alternative, seeks a reduction of the requested attorney fees and costs.

**II.**

Generally, "[u]nder the "American Rule," a prevailing party in a lawsuit is responsible for his or her own attorney's fees." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992)(citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). A statutory exception was created when suing the United States of America by the enactment of the EAJA. Id. In order to be eligible for an award of fees under the EAJA, the following five (5) conditions must be established: (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner, INS v. Jean, 496 U.S. 154, 158 (1990). The first two conditions are not disputed in this case, and the Court finds no special circumstances which would make an award unjust.

**A.**

The prevailing party standard is "'a generous formulation that brings the plaintiff only across the statutory threshold.'" Jean, 496 U.S. at 160-161 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). As previously stated, plaintiffs prevailed on Count Two of the Complaints. More specifically, the Court found that "[t]he Administrative Record, however, clearly establishes that the entire grouper fishery was never determined to be overfished or undergoing overfishing. Indeed, the record establishes the contrary with regard to some species of grouper. . . . The Court concludes that, on this Administrative Record, the extension of the Interim Rule remedies beyond red grouper was arbitrary, capricious, an abuse of discretion, and not in accordance with 16 U.S.C. § 1855(c)(1)." (Doc. #44, pp. 18, 19). Although plaintiffs only prevailed on one of four counts, the Court finds that plaintiffs' success was on a significant issue, and that they achieved "some of the benefit the parties sought in bringing suit." Hensley, 461 U.S. at 434. The Court finds that plaintiffs are prevailing parties for the purpose of considering attorney fees and costs.

**B.**

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is

made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "Substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988)(collecting cases). "To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve. . . . a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566, n. 2. In short, "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - - i.e., when it has a reasonable basis in both law and fact." United States v. Jones, 125 F.3d 1418, 1425 (11th Cir. 1997).

The Court's determination of the merits of these cases was limited to the extensive administrative record. The Court found that there was a sufficient finding of overfishing of red grouper to implement the government's interim measure. The Court also found that the Interim Rule was based on the best scientific evidence available, and that the government considered sufficient information in determining that the Interim Rule would not

significantly affect the quality of the human environment. The Court also found, however, that the Interim Rule improperly encompassed species of grouper beyond the red grouper, and as such was overbroad. Viewing both the cases as a whole and the specific issue upon which the government did not prevail, the Court finds that the government's position, while incorrect in the Court's view, was nonetheless substantially justified. The Court finds that a reasonable person would have been justified both in law and in fact in supporting the validity of the Interim Rule based on prior findings of overfishing of red grouper and the other related findings. The Court concludes that the government has carried its burden of establishing that its position was substantially justified, and therefore the motion for attorney fees under EAJA will be denied.

**III.**

Under Fed. R. Civ. P. 54(d), costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The Court finds that plaintiffs are prevailing parties under the definition articulated by the Eleventh Circuit Court of Appeals[1], and for the reasons stated above, and that plaintiffs are entitled to costs pursuant to 28 U.S.C. § 1920. Upon review of the proposed Bills of Costs, the Court finds that

---

[1]See Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co., Ltd., 254 F.3d 987, 1012 (11th Cir. 2001)(quoting Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).

the permissible costs are limited to the filing fee and copying costs. Because the Court cannot determine the reasonableness or the portion of the costs which may be allocated to the prevailing issue, the request for costs will only be granted as to filing fees in the amount of $250 for each plaintiff.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Coastal Conservation Association's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act (Doc. #51) is **DENIED** as to the request for fees and costs under 28 U.S.C. § 2412, and **GRANTED IN PART** as to the request for costs in the alternative under 28 U.S.C. § 1920 in the amount of $250.

2. Plaintiff The Fishing Rights Alliance, Inc.'s Motion to Tax Attorneys' Fees and Costs (Doc. #54) is **DENIED** as to the request for fees and costs under 28 U.S.C. § 2412, and **GRANTED IN PART** as to the request for costs in the alternative under 28 U.S.C. § 1920 in the amount of $250.

3. Plaintiff The Fishing Rights Alliance, Inc.'s Supplemental Motion for Attorney's Fees (Doc. #59) is **DENIED.**

4. Plaintiff The Fishing Rights Alliance, Inc.'s Supplemental Motion for Attorney's Fees, filed in Case No. 2:05-cv-419-FtM-29DNF (Doc. #20), is **DENIED.**

5. The Clerk shall tax costs against the government in the amount of **$500.00,** $250.00 in favor of each plaintiff.

**DONE AND ORDERED** at Fort Myers, Florida, this 28th day of February, 2006.

John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record